REQUESTED BY: Senator Steve Fowler Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Fowler:
You have requested an opinion of this office concerning whether the current provisions of LB 231, if passed, would have application to the calculation of sentences of prisoners presently incarcerated in local correctional facilities. In our opinion the provisions of LB 231, section 3 could not be applied to the incarceration of any prisoner sentenced prior to the effective date of the act. In fact, as LB 231 is currently drafted, the provisions of that act would in all likelihood be inapplicable to any prisoner sentenced prior to the formal adoption of section 3 by the various district courts of this state. LB 231, section 1.
The concept of reducing a criminal sentence to encourage a prisoner's good behavior while incarcerated is not new to this state. Neb.Rev.Stat. §§ 83-1,107 et seq. (Reissue 1976). In a series of cases our Supreme Court has considered the question of whether legislation providing for similar sentence reductions may be applied to sentences imposed prior to the effective date of the enactment. Johnson andCunningham v. Exon, 199 Neb. 154, 256 N.W.2d 869 (1977);Gochenour v. Bolin, 208 Neb. 444, 303 N.W.2d 775 (1981);Whited v. Bolin, 210 Neb. 32, ___ N.W.2d ___ (1981) (motion for rehearing pending). This line of cases leads us to the opinion noted above.
To apply the provisions of LB 231, section 3 to the incarceration of prisoners sentenced prior to the effective date of this act would potentially reduce the amount of time a prisoner would serve on that sentence and thus allow an earlier release from custody than that contemplated by the court at sentencing. `The basis for the Johnson Cunningham holding was that an earlier discharge constituted a form of clemency or commutation of sentence which only the Board of Pardons had the power to exercise.' Whited v. Bolin,Id., 210 Neb. at 34 (Emphasis added.) Our courts having specifically held that the Legislature is without the power to retroactively reduce the sentences of prisoners sentenced to state correctional facilities, we see no basis for concluding a different result would be forthcoming where prisoners sentenced to local correctional facilities are concerned.
Yours truly,
PAUL L. DOUGLAS Attorney General
J. Kirk Brown Assistant Attorney General